IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

PEDRO RASCON,

    Plaintiff,

v.

ELKHORN CONSTRUCTION, INC,
a Wyoming corporation.

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, by and through his undersigned attorney, for his Complaint against the Defendant alleges and states, as follows:

### JURISDICTION

1. This is a complaint for Workers' Compensation retaliation in violation of Colorado public policy and common law.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 (Diversity Jurisdiction) and 28 U.S.C. § 1367(Supplemental Jurisdiction).

3. The work related injury subject of this action occurred on or about February 5, 2015.

### PARTIES

5. At all times relevant hereto, Plaintiff was and is a resident of Colorado.

7. At all times relevant, Defendant was and is a Wyoming corporation with a principal place of business located at 71 Allegiance Circle, Evanston, Wyoming, and is duly authorized to conduct business in the State of Colorado.

1

**GENERAL ALLEGATIONS**

8.  Plaintiff was hired by Defendant as a fulltime construction worker in November 2014, at the hourly rate of $16.00 per hour with a per diem payment, as well.

9.  On or about the foregoing date, Plaintiff suffered a serious occupational injury to his spine when he slipped and fell at work. He promptly reported this injury to his superior, Joel Villalobos and to Mario Dominguez, who had him sign some document, whereupon he was sent home.

10. Later that evening, Mario-Dominguez told him that he was terminated for belatedly reporting his occupational injury–something which was clearly untrue and contrary to the provisions of the Colorado Worker's Compensation Act and the injury reporting requirements thereunder.

11. These efforts included going to Defendant's Longmont office and calling Defendant's Wyoming office, all of which were wholly unsuccessful in regard thereto.

12.  Regardless, Plaintiff made a number of other attempts to determine his work status, all to no avail.

13. Plaintiff suffered substantial and permanent injuries to his spine, matters which Defendant, its agents, adjusters, and employees knew of, or should have known of.

14. Due to his occupational injury and intention to pursue his right to statutory worker's compensation benefits, Defendant willfully and pretextually terminated the Plaintiff's employment.

15. The willful and intentional actions of Defendant further caused Plaintiff to suffer significant emotional harm, upset, pain and suffering and/ or related damages to Plaintiff's

employment rights, privileges, and interests, and to suffer or incur the below enumerated damages and losses.

## FIRST CLAIM FOR RELIEF
## (WORKERS' COMPENSATION RETALIATION
## IN VIOLATION OF PUBLIC POLICY AND COMMON LAW)

16. Plaintiff incorporates by this reference all preceding paragraphs as though fully set forth herein.

17. Plaintiff had a right to enter into a contract for employment with Defendant with the reasonable expectation that the Defendant would treat him lawfully, fairly and without retaliation in compliance with all requirements of law–specifically Plaintiff's right to file and pursue a Workers' Compensation claim, pursuant to the Colorado Workers' Compensation Act, in accordance with the holding in *Lathrop v. Entenmann's Inc.*, 770 P.2d 1367 (Colo. App. 1989).

18. As a direct, foreseeable, and proximate result of the Defendant's acts and omissions described herein, Plaintiff has suffered or incurred, or may be reasonably expected to incur the following damages and other losses, including but not limited to: lost income or employment compensation and fringe benefits, thereby justifying appropriate awards to Plaintiff of front pay and back pay; damage to reputation and character, credit or creditworthiness; emotional or mental anguish, distress, upset, humiliation, embarrassment, or degradation, pain and suffering; and other damages and losses, as may be proven.

WHEREFORE, Plaintiff prays for an award of all relief requested herein, including such compensatory damages as may be proven, plus interest, and an award of reasonable attorney's fees and costs, and for such other relief that the Court deems just and proper and consistent herewith.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 6, 2017

                                         *s/ Richard k. Blundell*
                                         Richard K. Blundell, Esq.
                                         Law Office of Richard K. Blundell
                                         1233 8th Avenue
                                         Greeley, Colorado 80631
                                         Tel. (970) 356-8900
                                         Fax: (970) 353-9977
                                         rick@rkblaw.net

                                         ATTORNEY FOR PLAINTIFF

<u>Plaintiff's Address</u>:
629 Winona Court
Denver, CO  80204